UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| VAUCHON K. COLEMAN | NO.: 13-00136-BAJ-RLB |

ORDER

On November 4, 2015, Defendant Vauchon K. Coleman ("Defendant") filed an application to proceed *in forma pauperis*. (Doc. 53). Defendant filed this application in conjunction with a separate request, filed the same day, in which he seeks a copy of certain transcripts. (Doc. 52). Specifically, Defendant has filed an order form requesting a transcript of the following proceedings: 1) voire dire, 2) opening statements, 3) closing argument, 4) opinion of the Court, and 5) sentencing. (*Id*). Because this matter was resolved before a trial as a consequence of Defendant's plea agreement, (Doc. 36), the only proceeding identified by Defendant for which a transcript is available is his sentencing. Defendant has not offered any explanation as to why he desires the requested transcripts.

Assuming that Defendant is in fact indigent,[1] an indigent defendant has a statutory right to transcripts at government expense only in particular circumstances. *See* 28 U.S.C. § 753(f); *United States v. MacCollum*, 426 U.S. 317 (1976). The defendant must establish that the transcripts are needed to decide an

---

[1] Defendant's application states under penalty of perjury that he is currently incarcerated in FCI Yazoo City Medium and that he has no income or assets. (Doc. 53). The Court also notes that Defendant was previously appointed counsel to represent him. (Docs. 11, 55).

1

issue in a pending suit and that the suit is not frivolous. *See* 28 U.S.C. § 753(f); *United States v. Skipper*, No. 93-cr-315, 1996 WL 560353, at *1 (E.D. La. Sept. 30, 1996).

Defendant was sentenced on February 12, 2015, (Doc. 48), and a Judgment was rendered on February 13, 2015, (Doc. 49). Defendant did not appeal his sentence. Additionally, he has no pending motions (other than his application to proceed *in forma pauperis* as it relates to his request for a sentencing transcript) and he has not yet filed a motion pursuant to 28 U.S.C. §2255.[2] Accordingly, he fails to meet the statutory requirements for a free transcript. *See* 28 U.S.C. § 753(f); *United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir.1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent.").

Accordingly,

**IT IS ORDERED** that Defendant's application to proceed *in forma pauperis* (Doc. 53) and related request for transcripts (Doc. 52) are **DENIED WITHOUT PREJUDICE** to his ability to seek similar relief in the future in the event he has active proceedings before the Court. *See United States v. Castillo*, Cr. No. C-04-110 (1), 2008 WL 2714114, at *1 (S.D. Tex. July 10, 2008).

Baton Rouge, Louisiana, this 15th day of March, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] The Court notes, however, that any future §2255 motion filed by Defendant might be barred by the applicable statute of limitations. *See* 28 U.S.C. § 2255.

2